[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11231

Non-Argument Calendar

_____

KAREN C. YEH HO,

Plaintiff-Appellant,

versus

WELLS FARGO BANK, N. A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:15-cv-81522-KAM

_____

2                    Opinion of the Court                    22-11231

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Karen Yeh Ho, proceeding *pro se*, appeals following the judgment in favor of Wells Fargo Bank, National Association ("Wells Fargo") as to her claims arising from the foreclosure proceedings of her home, and the loan modification activities during the foreclosure proceedings.  First, she argues that the district court erred in granting summary judgment to Wells Fargo as to her discrimination claim under the Equal Credit Opportunity Act ("ECOA") and as to her claim under the Real Estate Settlement Procedures Act ("RESPA").[1]  Second, she argues that the district court erred in entering judgment after a bench trial on her ECOA notice claim.  Third, Yeh Ho contends that the district court erred in striking her demand for a jury trial.[2]  Fourth, she asserts that she is entitled to punitive damages.

I.

---

[1] We summarily reject Yeh Ho's RESPA claim.  She failed to address this claim in her initial brief on appeal and she cannot adopt her brief in a case not consolidated with this case.

[2] We also summarily reject this claim.  Yeh Ho has abandoned this claim by failing to sufficiently address the issue in her brief on appeal.  In any event, the district court did not abuse its discretion in striking her demand for a jury trial because Yeh Ho failed to respond to Wells Fargo's motion in the district court.  *See* S.D. Fla. L.R. 7.1(c)(1) (stating that failure to respond to an opposing party's motion may be deemed sufficient cause for granting the motion).

We review the grant of summary judgment *de novo*, applying the same legal standards as the district court. *Yarbrough v. Decatur Hous. Auth.*, 941 F.3d 1022, 1026 (11th Cir. 2019).

On appeal from a judgment in a bench trial, we review a district court's conclusions of law and the application of law to the facts *de novo*, but review the district court's factual findings for clear error. *U.S. Commodity Futures Trading Comm'n v. S. Tr. Metals, Inc.*, 894 F.3d 1313, 1322 (11th Cir. 2018). A district court's findings of fact will not be reversed unless we are left "with the definite and firm conviction that a mistake has been committed" after reviewing the record. *Id.* (quotation marks omitted).

"When considering a motion for summary judgment, . . . courts must construe the facts and draw all inferences in the light most favorable to the nonmoving party and when conflicts arise between the facts evidenced by the parties, [they must] credit the nonmoving party's version." *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013) (quotation marks omitted, second alteration in original) (concluding that the district court erred in improperly discounting the plaintiff's sworn statements and accepting the officers' assertions as uncontroverted). "Even if a district court believes that the evidence presented by one side is of doubtful veracity, it is not proper to grant summary judgment on the basis of credibility choices." *Id.* (quotation marks omitted). However, the factual dispute must be genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

248 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

"[I]ssues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citation omitted); *see also United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*) (holding that issues not properly presented on appeal are deemed forfeited and will not be addressed absent extraordinary circumstances), *cert. denied*, 143 S. Ct. 95 (2022). "We have long held that an appellant abandons a claim when [s]he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Likewise, "[t]his Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this [C]ourt." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (quotation marks omitted)).

Rule 28 of the Federal Rules of Appellate Procedure provides that, "[i]n a case involving more than one appellant or appellee, including consolidated cases, any number of appellants or appellees may join in a brief, and any party may adopt by reference a part of another's brief." Fed. R. App. P. 28(i). Our local rules explain that, in order to adopt another party's brief, the appellant must "include a statement describing in detail which briefs and which portions of

those briefs are adopted." 11th Cir. R. 28-1(f). Federal Rule of Appellate Procedure 28(i) does not allow parties in non-consolidated appeals to automatically adopt and rely on briefs of another case unless they separately move for adoption and the motion is granted. *United States v. Bichsel*, 156 F.3d 1148, 1150 n.1 (11th Cir. 1998).

The ECOA provides that it shall be unlawful for any creditor to discriminate against any applicant on the basis of marital status. 15 U.S.C. § 1691(a)(1). Regulation B was promulgated to enforce the ECOA. *Regions Banks v. Legal Outsource PA*, 936 F.3d 1184, 1190 (11th Cir. 2019); *see* 12 C.F.R. § 202 *et seq.* Both the ECOA and Regulation B carve out exceptions for actions that are not considered discrimination, including when a creditor may require a spouse's signature. *See* 15 U.S.C. § 1691d(a); 12 C.F.R. § 202.7(d). Under the ECOA, a creditor does not engage in discriminatory conduct when making "[a] request for the signature of both parties to a marriage for the purpose of creating a valid lien, passing clear title, waiving inchoate rights to property, or assigning earnings." 15 U.S.C. § 1691d(a). Likewise, Regulation B provides that a creditor may require a spouse's signature upon an applicant's request for secured credit if the creditor reasonably believes it necessary "under applicable state law to make the property being offered as security available to satisfy the debt in the event of default." 12 C.F.R. § 202.7(d)(4).

Additionally, both the ECOA and Regulation B include exceptions to creditor conduct constituting "adverse action." 15

U.S.C. § 1961(d)(6) (stating that the term "does not include a refusal to extend additional credit under an existing credit arrangement where the applicant is delinquent or otherwise in default"); 12 C.F.R. § 202.2(c)(2)(ii) (explaining that any action or forbearance taken with respect to an account that is delinquent or in default is not adverse action).

The ECOA and Regulation B also impose certain notification requirements for creditors. *See* 15 U.S.C. § 1691(d); 12 C.F.R. § 202.9. The ECOA requires creditors to provide applicants against whom adverse action is taken with a statement of reasons regarding the action. 15 U.S.C. § 1961(d)(2). If an application is incomplete, the creditor must, within 30 days of receiving the incomplete application, send the applicant a written notice "specifying the information needed, designating a reasonable period of time for the applicant to provide the information, and informing the applicant that failure to provide the information requested will result in no further consideration being given to the application." 12 C.F.R. § 202.9(c)(1)-(2). If the applicant fails to provide the requested information within the designated time period, the creditor is relieved of other notification requirements. *Id.* § 202.9(c)(2). A creditor may orally inform an applicant of the need for additional information, but if the applicant does not supply the information, the creditor must send the written notice. *Id.* § 202.9(c)(3).

The Florida Constitution states that "[t]he owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift." Fla. Const. art. X, § 4.

"Florida courts have consistently interpreted this . . . provision as requiring spousal joinder in the execution of a mortgage on homestead property in order for the mortgage to encumber the property and be enforceable in foreclosure, even where only the signatory spouse is an owner of record on the property's deed." *Crawford v. Fed. Nat'l Mortg. Ass'n*, 266 So. 3d 1274, 1277 (Fla. Dist. Ct. App. 2019).

The district court granted summary judgment in favor of Wells Fargo on Yeh Ho's ECOA discrimination claim but denied summary judgment on her ECOA notice claim. In the subsequent bench trial on the ECOA notification claim, the district court correctly concluded that Wells Fargo had satisfied applicable notice requirements.

We first address Yeh Ho's argument that the district court erred in granting summary judgment for Wells Fargo on her ECOA discrimination claim. We conclude that the district court did not err. Because Yeh Ho had defaulted on the loan at the time Wells Fargo offered the loan modification, the anti-discrimination provision of the ECOA and Regulation B did not apply to her. 15 U.S.C. § 1691(d)(6); 12 C.F.R. § 202.2(c)(2)(ii). On appeal, Yeh Ho does not dispute that the loan was in default. Moreover, even assuming the relevant anti-discrimination provisions did apply to her, the district court correctly concluded that it was reasonable for Wells Fargo to require either Wing's signature or a divorce decree in light of Florida's homestead laws. *See Crawford*, 266 So. 3d at 1277; 15 U.S.C. §§ 1691d(a), 1691(b)(1). The ECOA expressly

provides that such a requirement does not constitute discrimination.  15 U.S.C. §§ 1691d(a), 1691(b)(1).

Turning to Yeh Ho's argument that the district court erred in entering judgment in favor of Wells Fargo after the bench trial on her ECOA notice claim, we also conclude that the district court did not err.  We conclude that Wells Fargo satisfied the notice requirements with respect to the deficiencies in Yeh Ho's application for loan modification.  The evidence presented at the bench trial demonstrates that, within 30 days after receiving Yeh Ho's final trial payment (deemed by the district court to constitute an application for loan modification), Wells Fargo sent Yeh Ho the November 25, 2013, letter regarding the information it needed to complete the application, which Yeh Ho concedes that she received.  This letter satisfied 12 C.F.R. § 202.9(c)(2)'s requirements, because it: (1) specified the information needed, including her and Wing's signatures, or documents indicating why he should not have to sign; (2) designated a reasonable time period of 14 days to provide the information; and (3) informed her that failure to provide the required information would result in Wells Fargo cancelling the modification.  12 C.F.R. § 202.9(c)(2).  Moreover, although Yeh Ho's failure to supply the required information relieved Wells Fargo of any other notification requirements, Wells Fargo subsequently informed Yeh Ho of the application's incompleteness again via phone call on January 2, 2014, and then notified her that it could not finalize the agreement on January 13, 2014.  12 C.F.R. §

202.9(a)(1)(ii), (c)(2), (c)(3).  The district court thus did not err in concluding that Wells Fargo provided the requisite notice.

Because all of her claims have failed,[3] Yeh Ho is not entitled to punitive damages.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**

---

[3] Although Yeh Ho also asserts breach of contract claims on appeal, she did not raise such claims in the district court.  Thus, such claims are not properly before us.